David Abrams, Attorney at Law (DA-8126)
305 Broadway, 14th Floor
New York, New York 10007
Tel. 212-897-5821 Fax 212-897-5811

United States District Court
Southern District of New York

_____
                                            )
S. Alam,                                    )
                                            )
            Plaintiff,                      )
                                            )
   - against -                              )    Index No.:_____
                                            )
Comprehensive Health Management, Inc.       )
& Wellcare of New York, Inc.,               )
                                            )
            Defendants.                     )
_____)

## COMPLAINT

Plaintiff, complaining of the Defendants by her attorney, David Abrams, Attorney at Law, respectfully sets forth and alleges as follows:

**I.   Introduction**

1.   This is an action for interference with leave protected under the Family Medical Leave Act and for violations of state and local human rights laws.

**II.   Parties**

2.   Plaintiff Alam ("Alam" or "Plaintiff") is a natural person residing in the State of New York, County of Queens.

3.   Upon information and belief, defendant Comprehensive Health Management, Inc. (the "Primary Employer") is a foreign business corporation with a principal place of business at 8735 Henderson Road Ren 2, Tampa, Florida, 33634.  The Primary Employer also maintains offices at 11 West 19th Street, New York, NY 10011.

4.     Upon information and belief, Defendant WellCare of New York, Inc. (the "Secondary Employer") is a New York business corporation with a principle place of business at 8735 Henderson Road Ren 2, Tampa, Florida, 33634.  The Secondary Employer also maintains offices at 11 West 19th Street, New York, NY 10011.

### III.    Venue & Jurisdiction

5.     Venue in the Southern District of New York is appropriate pursuant to 28 U.S.C. Section 1391(b)(1) in that, upon information and belief, all of the Defendants (collectively, the "Employer") reside in the Southern District.

6.     Subject matter jurisdiction over this action exists pursuant to 28 U.S.C. Sections 1331 and 1367 in that a claim is made that arises under the laws of the United States, specifically the Family and Medical Leave Act and the remaining claims form part of the same case or controversy.

7.     Personal jurisdiction exists over the Defendants in that, upon information and belief, maintain a continuous and systematic presence in the State of New York.

### IV.    Background

8.     Upon information and belief, the Secondary Employer is a health insurance company and the Primary Employer is a third party administrator that performs many of the administrative functions of the Secondary Employer including employing its personnel.

9.     Ms. Alam was employed by the Primary Employer full time for more than 1 year until her job ended in or about December of 2004.

10.     Upon information and belief, Ms. Alam was jointly employed by the Secondary Employer.

**V.      The Plaintiff's Absence and Discharge**

11.     Shortly before her discharge, Ms. Alam was required to be absent from work on a number of occasions due to a serious health condition.

12.     Ms. Alam gave the Employer notice of this absence and the reason for the same.

13.     The Employer discharged Ms. Alam on the basis of her attendance.

**VII.    Causes of Action**

### Count 1:  Interference with FMLA Protected Leave

14.     The allegations of Paragraphs 1 through 13 are incorporated as if restated herein.

15.     Upon information and belief, the Employer is an "employer" within the meaning of 29 U.S.C. Section 2611 in that it maintains at least 50 employees.

16.     At all times relevant to this complaint, Ms. Alam was an "eligible employee" within the meaning of 29 U.S.C. Section 2611 in that she was an employee of the Employer who had been employed at least 12 months by the Employer; had been employed for at least 1250 hours by the Primary Employer during the preceding 12 month period; and worked within 75 miles of the 50 or more employees referred to in the preceding paragraphs.

17.     Many or most of Ms. Alam's absences towards the end of her employment were protected by the Family and Medical Leave Act ("FMLA") in that the total absences were less than 12 weeks and they were the result of a serious health condition.

18. The Employer violated the FMLA in that, upon information and belief, it improperly considered Ms. Alam's FMLA-protected absences in the decision to discharge her.

### Count 2:  Violation of State Human Rights Law

19. The allegations of Paragraphs 1 through 18 are incorporated as if restated herein.

20. The Employer is an "employer" and Ms. Alam was an "employee" within the meaning of the New York State Human Rights Law.

21. The Employer violated New York State Human Rights Law in that it did not reasonably accommodate Ms. Alam's temporary disability and/or discuss the same with her.

### Count 3:  Violation of Local Human Rights Law

22. The allegations of Paragraphs 1 through 21 are incorporated as if restated herein.

23. The Employer is an "employer" and Ms. Alam was an "employee" within the meaning of the New York City Human Rights Law.

24. The Employer violated New York City Human Rights Law in that it did not reasonably accommodate Ms. Alam's disability and/or discuss the same with her.

**VIII.   Demand for Relief**

WHEREFORE Ms. Alam demands judgment against the Primary and Secondary Employers for lost wages and benefits, liquidated damages, compensatory damages and punitive damages together with appropriate interest, attorneys fees, costs, and such further relief as the Court deems just.

                                Respectfully submitted,

                                /s/ David Abrams
                                _____

                                David Abrams (DA-8126)
                                 Attorney for Plaintiff
                                Alam

                                305 Broadway, 14th Floor
                                New York, NY 10007
                                Tel. 212-897-5821
                                Fax  212-897-5811

Dated:       New York, NY
               May 7, 2006